## GARRETT v. GREEN.

(Court of Civil Appeals of. Texas. Austin.
Feb. 18, 1914. Rehearing Denied
March 18, 1914.)

FRAUD (§ 11*)—MISREPRESENTATION—EXPRES-
SION OF OPINION.

A statement by vendor as to what he
thought his lots were worth, connected with a
statement that he had never seen them and
did not know their actual value, would not
constitute a fraudulent misrepresentation, nor
would a statement by him that some one had
told him the lots were worth a certain sum, but
that he had not seen them and did not know
their value.

[Ed. Note.—For other cases, see Fraud, Cent.
Dig. §§ 12, 13; Dec. Dig. § 11.*]

Appeal from District Court, McLennan
County; Tom L. McCullough, Judge.

Action by William Green against W. T.
Garrett. From a judgment for plaintiff, de-
fendant appeals. Reversed and remanded.

Davis & Cocke, of Waco, for appellant.
W. L. Eason, of Waco, for appellee.

RICE, J. This suit was brought by appel-
lee, who is a real estate agent, to recover of
appellant the sum of $750 as commissions
claimed to be due him from appellant for ef-
fecting an exchange of certain properties be-
tween him and one Sid Post, alleging that
both of said parties employed him to make
such exchange; that in accordance with said
employment, he brought about an exchange
of said properties so listed with him by said
parties, and that after the closing of such
deal, and the consummation of such transac-
tion by the mutual execution and delivery of
conveyances to each other, it was ascertained
that appellant owed him the sum of $750
for his services, but, being unable to pay the
same in cash, he offered to give appellee in
lieu thereof three certain lots situated in
Robertson & Hunter's addition to the city of
Ft. Worth, representing that he had paid
$250 apiece therefor, including the incum-
brances thereon, and that they were worth
the sum of $300 each; that he had never
seen said lots, but believed said representa-
tions, and relying thereon, agreed to receive
the same in satisfaction of his claim; that
thereafter, upon investigation, he found said
lots to be practically worthless, and so in-
formed appellant, stating that he had been
deceived and refused to accept them; that
appellant either knew the value of said lots
at the time of such offer, and fraudulently
misrepresented the facts to him, or else was
himself mistaken as to their value, and made
such representations whereby, both of them
being ignorant of their value, he was induced
to agree to accept them in payment of his
claim; but that in either event, he was en-
titled to recover his commissions, which were
of the reasonable value of $750. After a gen-
eral demurrer and general denial, appellant
specially answered, admitting the exchange

of properties between himself and Post, but
denied that he had employed appellee to rep-
resent him in such exchange, claiming that
he. represented himself therein, for which
reason he was not due appellee commissions
as sued for, but in compromise of such claim
he finally offered to give appellee the lots
mentioned in full satisfaction thereof, deny-
ing, .however, that he made the representa-
tions charged by appellee, but, on the con-
trary, expressly told appellee that he had
never seen the lots and did not know what
they were worth; that he had given $250
apiece for them in trade, assuming a $50
vendor's lien note against each, and so in-
formed appellee; that he has at all times
been and is now willing to convey said lots
to appellee in satisfaction of such claim, but
appellee has heretofore refused and still re-
fuses to accept them; that he tendered per-
formance of his portion of the contract by
the execution of warranty deeds to him for
said lots, and prayed to be discharged with
his costs. A jury trial resulted in a verdict
and judgment in behalf of appellee for the
sum sued for, from which this appeal is pros-
ecuted.

The court refused to give a peremptory
charge in favor of appellant, which is assign-
ed as error. There was a conflict in the tes-
timony as to whether or not plaintiff was em-
ployed by defendant to effect a sale or ex-
change of the latter's property, and it is ad-
mitted in the brief that the testimony offered
by appellee tended to prove the employment
under such circumstances as would have en-
titled him to claim of appellant reasonable
compensation for effecting such exchange.
On the other hand, it is stated therein that
the testimony offered by appellant tended to
prove that appellee was representing Post
alone, and that appellant was representing
himself in the deal, under a distinct under-
standing that he was to pay appellee no
commission. Besides this, there was evidence
requiring the submission of the issue to the
jury on the question of mutual mistake, for
which reasons we think the court very prop-
erly declined to give such charge.

We sustain the several assignments, how-
ever, urging that the court erred in submit-
ting the issue of fraud to the jury, for the
reason that the evidence, to our minds, fails
to show that any fraudulent representations
were made by appellant for the purpose of
inducing appellee to accept the lots in satis-
faction of his claim for commissions. Ap-
pellant merely stated his opinion with refer-
ence to the value of the lots, telling him at
the same time that he had never seen the
lots, and did not know their value. It is true
he stated that he gave in trade $250 apiece
for the lots, including the incumbrance there-
on, but this statement is shown to have been
true; and, even if he had stated that some
other person had told him that the lots were
worth said amount, yet he said at the time

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

164 S.W.—70

that he did not know their value and had not seen them. Under such circumstances, we do not think fraud is shown. See Boles v. Aldridge, 153 S. W. 373; 14 Am. & Eng. Ency. Law, p. 102 et seq.

The ninth, tenth, and eleventh assignments are overruled, for the reason that the special charges therein referred to were properly refused, as they were upon the weight of the evidence.

We think, however, the jury might have been misled by the expression "impliedly employed," used in the charge complained of in the eighth assignment; and, while it does not constitute reversible error, we suggest, in view of another trial, that the issue be differently submitted.

It is asserted by appellee, however, that if the contract of settlement was not supported by any consideration, which he claims was shown by the uncontradicted evidence, then the court should not have submitted to the jury in any form the issues raised by his defensive pleas setting up fraud and mistake therein, but should have peremptorily instructed a verdict in his behalf on the ground of failure of consideration. Conceding that his pleading was sufficient to raise the issue of failure of consideration, still we disagree with appellee, for the reason · that the evidence was contradictory on this issue; appellant having testified that he sold the remaining lots for $200.

Believing that the court erred as above indicated, the judgment herein is reversed, and the cause remanded.

Reversed and remanded.